[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12093

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00017-LGW-JEG-1

UNITED STATES OF AMERICA,

                                               Plaintiff - Appellee,

versus

JAY WAYNE BURCH, JR.,

                                               Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 14, 2012)

Before WILSON and MARTIN, Circuit Judges, and ALBRITTON,* District
Judge.

_____

    * Honorable W. Harold Albritton, United States District Judge for the Middle District of
Alabama, sitting by designation.

PER CURIAM:

Jay W. Burch, Jr. appeals the denial of his motions to suppress evidence seized from his trailer. The facts of this case have been thoroughly developed during a series of multiple hearings at the district court, so we need only summarize them. On November 6, 2008, officers responded to a noise complaint at Burch's trailer. Getting no answer when they knocked on the front door, two officers walked behind the trailer. Through an open window the officers saw Burch, whom they knew to be a convicted felon, on a couch with a gun sitting beside him. The officers arrested Burch and seized two guns from his home. Burch subsequently entered a guilty plea for possession of two firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), but preserved his right to appeal the denial of his suppression motions.

On appeal, Burch argues that his motions to suppress should have been granted because the officers violated his Fourth Amendment rights when they looked into the window of his trailer. Burch further argues that the officers lacked the probable cause and exigent circumstances necessary to arrest him without a warrant.

"Because rulings on motions to suppress involve mixed questions of fact

and law, we review the district court's factual findings for clear error, and its application of the law to the facts de novo." United States v. Magluta, 44 F.3d 1530, 1536 (11th Cir. 1995). In conducting this review, we construe all facts "in the light most favorable to the prevailing party below," the United States here. Id.

"It is well-established that police officers can enter onto residential property, including portions that would be considered part of the curtilage, in order to carry out legitimate police business." Coffin v. Brandau, 642 F.3d 999, 1012 (11th Cir. 2011). Beyond that, the plain view doctrine makes clear that "officers have the right to make observations from any place where they have the right to be." O'Rourke v. Hayes, 378 F.3d 1201, 1208 (11th Cir. 2004).

In this case, the officers approached Burch's home for the purpose of issuing him a citation for a violation of state law. Receiving no answer when they knocked on the front door, but expecting that someone was home, the officers proceeded to the back door. From that "place where they ha[d] the right to be," id., the officers saw, through an open window, Burch sitting beside a gun. Under these circumstances, the officers lawfully observed the guns in Burch's trailer.

Next, we consider Burch's claim that his arrest was unlawful. Police may not make a warrantless arrest, except where they have both "probable cause to believe that the suspect has committed an offense and where exigent

3

circumstances exist which make obtaining a warrant imprudent." <u>Parker v. Allen</u>, 565 F.3d 1258, 1290 (11th Cir. 2009).

"Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." <u>United States v. Gordon</u>, 231 F.3d 750, 758 (11th Cir. 2000) (quotation marks omitted).

Exigent circumstances exist "when there is compelling need for official action and no time to secure a warrant." <u>United States v. Holloway</u>, 290 F.3d 1331, 1334 (11th Cir. 2002) (quotation marks omitted). Factors indicating exigent circumstances include:

> (1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) a reasonable belief that the suspect is armed; (3) probable cause to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; (5) a likelihood that delay could cause the escape of the suspect or the destruction of essential evidence, or jeopardize the safety of officers or the public.

<u>United States v. Standridge</u>, 810 F.2d 1034, 1037 (11th Cir. 1987). In weighing these factors, we consider whether the facts known at the time "would lead a reasonable, experienced agent to believe that" exigent circumstances exist. <u>United States v. Reid</u>, 69 F.3d 1109, 1113 (11th Cir. 1995).

The officers' knowledge of Burch's gun possession, combined with their

4

reliable information that Burch was a convicted felon, established probable cause to arrest Burch.  See United States v. Lindsey, 482 F.3d 1285, 1292 n.4 (11th Cir. 2007) (holding that police had probable cause "at the point they discovered Defendant was a felon and reasonably believed that Defendant's vehicle contained a firearm"); see also Texas v. Brown, 460 U.S. 730, 739 n.4, 103 S. Ct. 1535, 1541 n.4 (1983) (plurality opinion) (stating that "[t]he information obtained as a result of observation of an object in plain sight may be the basis for probable cause").

Moreover, a "reasonable, experienced agent" placed in this situation would have believed exigent circumstances existed.  Reid, 69 F.3d at 1113.  Burch's presence in the trailer was verified, while uncertainty remained as to whether others were inside with him.  Most importantly, Burch was observed with a gun by his side, confirming that Burch was a felon-in-possession while also indicating grave risk to the officers.  Though Burch appeared to be asleep, the officers could not be sure.  It was still early in the evening and, only shortly before, a complaint had been made about loud music at Burch's home.  In addition, Burch's reputation for disorderliness among local law enforcement would have heightened any concern that Burch might be feigning sleep.

For these reasons, we affirm the district court's denial of Burch's motions to suppress and its determination that Burch's arrest was valid.

**AFFIRMED.**